IN RE REGISTRATION FOR COOPERATIVE CONVERSION OF WOODCLIFF GARDENS.

Superior Court of New Jersey
Appellate Division

Argued March 16, 1988—Decided March 31, 1988.

Before Judges FURMAN, BRODY and SCALERA.

*Raymond I. Korona* argued the cause for appellant tenant association (*Korona, Beides & Eaton,* attorneys).

*Marianne McKenzie* argued the cause for respondent Coronet Properties Company (*Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein,* attorneys).

*John J. Chernoski,* Deputy Attorney General, argued the cause for respondent Department of Community Affairs (*W. Cary Edwards,* Attorney General, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Appellant tenants association appeals from an order of the Division of Housing and Urban Renewal (division), pursuant to the Planned Real Estate Development Full Disclosure Act, *N.J.S.A.* 45:22A–21 *et seq.*, registering the Woodcliff Gardens apartment complex in North Bergen as a cooperative. At issue is whether appellant or tenants individually had a constitutional or statutory right to a hearing or conference prior to the order of registration and whether the order of registration should be vacated as arbitrary because it was entered without supporting findings of fact or conclusions of law. We affirm.

Appellant mistakes the legislative scheme of the governing act. That legislative scheme is comprehensive and preemptive, *Plaza Joint Venture v. Atlantic City,* 174 *N.J.Super.* 231 (App.Div.1980). Specifically, the right of the owners of an apartment complex to make the decision to convert to cooperative or condominium ownership is not subject to tenant approval. The tenants within an apartment complex to be converted are entitled to a public offering statement [1] but not expressly to any participation in the division's determination whether to approve or reject the developer's application for registration. An order of registration is not an adjudication determining or foreclosing rights of the tenants and, according-

---

[1] The requirements of the public offering statement, including detailed title and financial information, are set out in *N.J.S.A.* 45:22A–28.

ly, entitling them to due process of law safeguards, *cf. Callen v. Sherman's, Inc.*, 92 *N.J.* 114 (1983). Beyond the terms of their respective tenancies, they have no right to continue as tenants, to participate in financial decisions of the developer or to any one form of ownership of the building in which they are tenants, except as protected by other legislation: the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 *et seq.*, and any municipal rent leveling ordinance, such as here in North Bergen. Decisions relied on by appellant recognize due process rights of tenants in publicly owned housing and are, thus, distinguishable, *e.g., Escalera v. New York City Housing Authority*, 425 *F.*2d 853 (2 Cir.1970), *cert.* den. 400 *U.S.* 853, 91 *S.Ct.* 54, 27 *L.Ed.*2d 91 (1970).

On this proposed conversion, the tenants were invited to submit objections and comments directed to the public offering statement and did so in fact; the division advised the developer to "address these concerns" prior to its entry of an order of registration and in response certain changes were effected. Appellant does not raise as a separate issue the developer's failure to put into effect the tenants' other objections and comments.

*N.J.S.A.* 45:22A–30 mandates that the division enter an order of registration upon its investigation and determination, pursuant to *N.J.S.A.* 45:22A–29, that:

a.  The developer can convey or cause to be conveyed the units offered for disposition if the purchaser complies with the terms of the offer;

b.  There is reasonable assurance that all proposed improvements can be completed as represented;

c.  The advertising material and the general promotional plan are not false or misleading and comply with the standards prescribed by the agency in its rules and afford full and fair disclosure;

d.  The developer has not, or if a corporation, its officers and principals have not, been convicted of a crime involving any aspect of the real estate sales business in this State, United States, or any other state or foreign country within the past 10 years; and that the developer has not been subject to any permanent injunction or final administrative order restraining a false or misleading promotional plan involving real property dispositions the seriousness of which in the opinion of the agency warrants the denial of registration; and

e. The public offering statement requirements of this act have been satisfied.

A right to an evidentiary hearing is granted to a developer upon rejection of his application for registration, *N.J.S.A.* 45:22A-30. No such right is granted to tenants. The only remedy for tenants provided in the act is an action for double damages against developers for violations of the act or for material misrepresentations. That remedy is not invoked here.

We conclude that appellant or the tenants it represents, who were not subject to loss of any liberty or property right in the Woodcliff Gardens conversion, were not constitutionally or statutorily entitled to a hearing or conference prior to the division's entry of the order of registration or to the division's enumeration of its findings of fact or conclusions of law in support of its order.

We affirm.